Madam Clerk, please call the next case. Ms. Green, you may proceed. Good morning. May I please have support? Counsel. My name is Gabrielle Green, Assistant Appellate Defender, State Appellate Defender's Office, and I represent Tory Roberts. As your honors may recall, Mr. Roberts pled guilty pursuant to a negotiated plea agreement and was sentenced to 30 months probation and to a Class I drug charge. Seven months later, the state filed a petition revoking, to revoke the defendant's probation, alleging that he committed three acts of aggravated battery in connection with a family brawl at a holiday inn in downtown Rock Island. A hearing was held and the defendant's probation was revoked and he was sentenced to 12 years imprisonment. What was the felony range for Class I? It was 4 to 15 years. So it was within the range? It was within the range. It was the high end of the range. Yes, it was within the range. The defendant asked this court to remand the case to the circuit court for resentencing in front of a new judge. We asked this because the defendant did not receive a fair sentencing hearing where the court first revoked the defendant's probation based on, based in part, on an allegation that wasn't sufficiently proven. That allegation being that the defendant cut his cousin's neck with a knife that was never seen, never found, and never determined to be the source of the cutting injury to the cousin's neck. But there were three aggravated? Yes. What about the other two? Those two, we're not arguing the sufficiency of those two. We're just arguing that the probation was revoked while also taking into consideration an allegation that wasn't sufficiently proven. But there was at least one. Sure. And by a preponderance of the evidence that the defendant, your client, did commit an aggravated battery. Yes. However, the element... That's sufficient to revoke probation. Correct, correct. But the court went further and took the insufficiently proven allegation along with the other allegations and... By insufficiently proven allegation, what do you mean? It was sufficiently proven to establish under a preponderance of the evidence a revocation wasn't it? We disagree. We believe that in order... Okay, so let's eliminate the ninth one. What are you left with? The two aggravated batteries. Were they insufficient as well? We're not arguing that they weren't insufficient. So then there was sufficient evidence to revoke probation? Sure. Okay. Isn't your real argument that the trial judge used the nature of that incident in consideration of the underlying original charge that was put on probation? That is correct. And that's, yes, that's... And under the law, is that wrong or right? I'm sorry, can you repeat that? Yeah, under the law, under our present law, you're saying that's reversible? We are arguing that. We're arguing that while the revocation may have been justified based on the other two, that the judge also included an allegation that wasn't sufficient. And it's the nature of that particular allegation, the egregious conduct associated with that allegation that we're questioning. You don't think aggravated battery is egregious? The aggravated batteries, the other two aggravated batteries were aggravated because they were in a public, a place of a public accommodation. What was the nature of those? The allegation was that the defendant punched one of his cousins in the Holiday Inn. The other one was that he hit the younger cousin with a bottle. With a bottle? It was a bottle. In the head? Yes. Okay. Is that egregious? That was up to the court to determine. But it's the insufficiently, the allegation that we're arguing was insufficient. That's the one that formed a majority of the basis for the court's sentence of the defendant. And that's why that particular allegation. What can a court, when there's a revocation of probation, what, if anything, can the court consider in terms of the reason for the revocation in a subsequent sentence on the original charge? Which was what? Possession of crack cocaine. 30 months probation for a class one felon. Yes. Okay. So what, if any, is the trial court prevented from considering anything that led to the revocation when sentencing on the original underlying charge? Absolutely. The court can consider the violating conduct as the defendant's rehabilitative potential. However, this court was very clear on why he sentenced the defendant. And that's also why we're asking for a new hearing. First was, there was a mention of race. The mention of race was inappropriate, it was irrelevant, and it was unsolicited in this case. The court kind of traded his duty to ensure that the defendant received a fair sentencing hearing. And instead took up the cause of the public and stated that an individual who cast a bad light on African Americans would cause people who, quote, have a bad image of black people to then be scared to go to the Holiday Inn. He said that, the court said that it would be awful for him to condone the behavior of someone who put a bad light on the image of African Americans. The state argues that this was a lecture. And it was a lecture. It was a lecture just like any other lecture a judge gives a defendant prior to sentencing. However, this lecture was very inappropriate with respect to the racial comments. And the court knew it was inappropriate because he acknowledged that it was inappropriate. He acknowledged it was inappropriate when he stated, specifically to the record, that he was African American. He knew that he had to define his race for those who were not inside the courtroom. He knew that the comments that he made with respect to race, if made by a non-African American judge, there would be no question as to the inappropriate nature of those comments. Well, really what you're saying is that lecture probably was going to be given by this judge, should have been given at the time he revoked probation, but not at the sentencing hearing on the underlying charge. I would argue that those comments have no place in the courtroom. Certainly not in the sentencing hearing. But they have no place in the courtroom. If those comments are inappropriate for a non-African American judge, they're inappropriate for an African American judge. They're inappropriate simply because... Well, I don't think that we're going to get into the appropriateness of those comments, but the legal argument, and that's why we're here in a court, is that there's no nexus. It's what you're saying. There's no nexus between those comments and the sentencing, which was a hearing on the underlying charge. That's exactly right. And that you're saying you can't read this record to find the nexus of rehabilitative potential, lack thereof, which he could consider with the sentencing he gave. Yes, the racial comments were connected to the violating conduct. They were not connected to what the court should have based its sentence on, which was the original drug charge. So yes, that is correct. Without getting into the nature of the comments themselves, because it doesn't really matter. But they were connected to the violating conduct. So as Your Honor did point out, that's the second issue, that the judge based his sentence on the violating conduct. And as I stated, the judge may consider the violating conduct for rehabilitative potential, but the sentence itself must not be based on the violating conduct. It needs to be based on the original charge, and that's not what happened here. The judge made numerous comments about the emotional damage that his violating conduct caused his family, and it couldn't compensate them for that. And again, he talked about the public. He talked about the fact that the public would expect him, as the judge, to sentence somebody to prison who stabbed another person. And of course, this goes back to the charge that we think was insufficiently proven. We just don't find any language that the trial judge used that said this incident that occurred at the Holiday Inn demonstrates that you're not able to be rehabilitated. Or that the rehabilitative potential is not very good there, obviously. It's not there at all. Well, no, no, no. I'm misinterpreting what you're saying. No, no. That's what he would have had to go down that line of analysis. Yes. It's the amount of time that's spent on either the underlying conduct and the race. But it goes beyond that, because the judge actually tells us why he sentenced the defendant. He states that the defendant's sentence was necessary to deter others from committing the same crimes. Then he goes on to define what he means by the same crimes, and he states, and I'm quoting, what I'm really saying is to whoever's listening in this courtroom, in this courtroom or outside this courtroom, I don't know why you did this. He states, I don't know why you would have a knife. I don't know why you would use a knife. I don't know why you would hit somebody over the head with a bottle. I don't know why at a family meeting where there should be love and kisses and sugar and cookies, it turned to this. So all those comments go to the revocation of probation. Correct. Then the court says, I can't excuse it, and then he immediately sentences him to a near maximum sentence of 12 years. And I think it's also important to note that the state, in arguing the lack of mitigating factors, also uses elements of the underlying crime. They too do not address the original drug offense. So there's really no... What about those line of cases that seem to say, well, let's look at the sentence that was actually given for the original offense, and if it's within the range, we say, well, okay. Yeah, that is the standard, that if it is within the range, which is going to be a majority of these cases, or else this would be an illegal sentence if it was outside the range. However, the court's clear with its words what its intent was, and the state offered no alternative explanation for the court's words. And there really is no alternative explanation for the words. The court was very clear with respect to the defendant's race and with respect to sentencing and based on the underlying crimes. We believe that each of those reasons on their own are enough to send this case back for resentencing. However, I'd like the court to consider the cumulative effect of the injustice with respect to the sentencing hearing at the hands of the judge and remand this case back for resentencing in front of a new judge. No questions? Thank you, Ms. Green. Ms. Duffy, you may respond. Good afternoon, Your Honors. Counsel. I'm going to address very briefly the sufficiency of the evidence to prove the revocation of the defendant's probation. The standard is a preponderance of the evidence. The state alleged three aggravated batteries. They proved the commission of three aggravated batteries by a preponderance of the evidence. That evidence included a photograph of one of the victims, Mr. Vesey, Jr. It clearly shows the cuts on his neck. The trial judge looked at those and determined that those most likely were made with a knife, even though the knife was not recovered. It's our position that all three allegations of aggravated battery were proven by a preponderance of the evidence. Certainly, that determination is not against the manifest weight of the evidence and no other result is called for other than the one the trial judge made. Now, the trial judge did go on and... But they're not challenging the revocation. Well, they did in their briefs. When you're challenging the sufficiency of the evidence to prove that allegation, I'm assuming that that's what you're arguing. This probation revocation hearing took place, probation was revoked, and went immediately into a sentencing hearing. So there was no stopping point at which the trial judge could have stopped the sentencing hearing at a later date. He did comment at length about the defendant's actions. He voiced some personal opinions. As Judge Broad has wanted to do, he lectured the defendant. I'm sure this court is in possession of many records where Judge Broad does exactly the same thing. Now, counsel has argued that some of his observations were unsolicited, irrelevant, and inappropriate. That may be so, but that doesn't rise to the level of plain error or an improper sentencing factor. This defendant filed a post-trial motion asking the judge to reconsider his sentence and alleged that the trial judge had actually sentenced him for his prior conviction of unlawful possession of intent to deliver cocaine, a Class I felony for which he was sentenced to 30 months probation. The trial judge denied that motion to reconsider sentence, and I would point out in the record when he sentenced this defendant, he did say the things counsel has quoted him as saying, but he also said this. You were already told that you had a chance, and it was a Class I conviction. In other words, it was a serious conviction. It was a serious conviction, and you were given probation, which is not easy to get for that particular conviction, and seven months later, this. And then he refers to the defendant's actions at the Holiday Inn the night these events occurred. Talking about one of the victims, Mr. Visa, Jr., he has this scar. He's going to have to live with that. He may not want to come in and testify because he still has to live in this family, and there's no excuse for it. And there is no question but that you have the attitude and character for which you will commit another crime because your response to threats perceived or otherwise is violence. Therefore, the sentence is necessary to deter others from committing the crime. I think that is a direct comment on the defendant's lack of rehabilitative potential and that he was being sentenced for the Class I conviction of unlawful possession with intent to deliver cocaine. Now, I have no other arguments made other than what's in the state's briefcase. And how do you define rehabilitative potential? Because there's two different types of acts. There's a violent act, and then there's a, you know, some people would say the delivery of substance is violent, but it's not in the same classification. That's a malprohibitive versus a malincide. So, I mean, does there have to be the same type of behavior in both the revocation offense and the underlying original offense? No, it doesn't. And I think in a situation as this one, his rehabilitative potential is more lacking and more important because the first offense was the drug offense, and as you say, not a crime of violence. I guess I'm asking more conceptually. A rehabilitative potential is what? Potential to conform to the law, regardless of the nature and distinction between the two offenses. Yes. That's what you're saying, rehabilitative potential is? Yes. And if you have someone who is on probation for a drug offense, which, as you say, is not a violent offense, and that is a very good plea bargain for him. It's a class one felony. You get 30 months of probation. You follow the conditions of probation and don't commit another offense. You don't go to prison. You're done. But within seven months of being placed on that probation, not only does he commit another offense, he commits three aggravated batteries, crimes of violence. That, while you're on probation, is more indicative of your lack of rehabilitation than if your first offense had been an aggravated battery, but you messed up and committed a drug offense while you were on probation. They're both showing nonconformance with the law. Absolutely they are. Ms. Duffy, are you suggesting that the trial court's comments with regard to the defendant's race were appropriate? I'm not saying they were appropriate, Judge, but what I am saying is that you have to decide whether or not he was using the defendant's race as an input as a proper sentencing factor. And I think when you look at the record, while we can't know, but you have to try to determine what is in Judge Broad's mind and in his heart, it is not to use the defendant's race against him in any way, shape, or form. Isn't it better to send it back and have another sentencing procedure where there are no comments and there is no discussion about the defendant's race? If what this trial judge did amounts to plain error, then that would be called for. That's not my decision to make. That's the decision of this court. But I just do not believe that this record reflects certainly any prejudice or any use of the defendant's race by this trial judge as a factor in imposing the sentence. And isn't part of the problem not that what we consider is only actual impropriety, but the appearance of impropriety? But the appearance of impropriety does not rise to the level of plain error, is what I'm saying. And should he have given this young man this lecture? Probably not. However, comment on the fact that there are consequences to the defendant's actions beyond himself, which could reflect badly on his family, on people of his own race. I don't know if it's inappropriate. Yes. Is it improper? No. Why do you say it's inappropriate? We seem to all accept that. Why are you saying that? Why? Do you just feel it that way? If someone feels it's inappropriate, if counsel feels it's inappropriate, perhaps it is. I'm not in a position to say whether it's appropriate or not. I'm only in a position as a lawyer to determine whether it's improper. Right. And that's the only thing you should be addressing. That's the only thing I can address. Yes. Thank you, Ms. Duffy. Ms. Green, you may reply. I just wanted to respond to a few things. Justice Holdred, you mentioned rehabilitative potential and what the definition of that was. I think here it's important to note that the defendant in this case had no felony priors. I think it was important that his first charge was a nonviolent charge. His second charge, the violating conduct, dealt with a family brawl, and I think that's important. When families get together, and this was kind of a blended family of sorts. I'm sure of exactly how everyone was related. But when families get together, things are a little bit more heated than someone you may meet on the street. So I think that the court needs to recognize that this was a different type of situation. This wasn't a random act of violence. This was a heated family situation, and I think that puts it in a different category in a way when we're looking at his rehabilitative potential. So I think that also means looking at... So we have different standards on conforming to the law that involves family members and non-family members? I think it makes sense to understand the context. He doesn't have a violent past. This was something that I think the average person can see how... My conceptual thing is whether or not you can conform to the law. Not whether it's violent or non-violent. That's the concern on rehabilitation. Because society wants people to conform to the law. Whether it's mal and prohibitive or mal and unsay, we're supposed to drive the speed limit. Sure. And I appreciate that. I just believe that that's a consideration. I don't think that just because... I think it's different to look at someone's rehabilitative potential when they're constantly getting into fights versus something that may be an anomaly. This kind of just happened, which I think the average person can understand. I also wanted to address the insufficiency claim. I wanted to draw the court's attention to the White case, which I believe was a third district case. In that case, there was an allegation with respect to a... It was a probation violation hearing, and there were facts that a knife was... May or may not have been used to cut one of the victims in that case. In that case, some people saw a knife. I have a problem with that. I get confused, and I apologize. You did suggest that revocation was improper, I guess, but not really very clearly, because there's three aggravated battery charges. I'll explain it. I'm not indicating that the judge had the option of... Based on the two aggravated batteries, yes, probation could have been revoked. But considering the other argument that the court based its sentence on really this one allegation, because that was the most egregious. He talked about, in his other things, talking about the stabbing. So that's why it's the evidence and the proof with respect to this particular allegation. So had there not been a knife involved, do you think he wouldn't have given the lecture? It's possible he wouldn't have. I think he may still have, because it seemed that this was something that was in the news, and it caused a lot of... drew a lot of attention. But there was a lot of focus, I believe, on the stabbing, on the cutting. There was a lot on that particular one. So that's... and I hope I'm explaining myself. I see what you're trying to argue is that there's not really sufficient evidence as to the knife. As to the knife, and that's the most egregious, or perceived to be the most egregious of the issues, and that, I think, formed really the purpose for the lecture and the fire that was... It was really the reason for the sentence. So that's why we're bringing up that. And I think the White case is very similar, where there was an allegation that there was a knife versus a bottle. And in this case, this court found that the judge... I'll tell you in one minute. Thank you. That the judge took into consideration evidence, facts that were not in evidence, because it believed that an expert, only an expert could tell if a... based on looking at a cut, whether it was done by a knife or a bottle. It's very similar here, where there was no... Nobody saw a knife, even the people close to the defendant and the victim. Nobody saw a knife. No knife was found. The state conceded that no knife was found. But there were facts that there was glass flying all around, and everyone thought that the cousin, the little cousin, got his neck cut by the flying knife. So I think the White case is pretty instructive with respect to that. I have nothing further. Do you have any more questions? I don't. We do. Thank you. Thank you, counsel, both, for your arguments in this matter this morning. It will be taken under advisement, and a written disposition shall issue. The court will stand in...